**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| L.D.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | **Civil Action No. 25-14925 (SRC)**<br><br>**OPINION** |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff L.D. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning March 15, 2020. A hearing was held before ALJ Lisa Hibner Olson (the "ALJ") on March 12, 2024, and the ALJ issued an unfavorable decision on April 23, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of April 23, 2024, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain additional exertional limitations. At step four, the ALJ also found that Plaintiff was able to perform his past relevant work as a Cardroom Supervisor. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes two arguments on appeal: 1) at step four, "the pain evidence that the ALJ ignored is flatly inconsistent with the ability to perform the very skilled position of a casino dealer" (Pl.'s Br. at 9); and 2) at step four, the ALJ did not give sufficient weight to Plaintiff's reports of pain.

Plaintiff first argues that the ALJ ignored important evidence of pain that is relevant to Plaintiff's capacity to perform his past relevant work as a casino dealer. Plaintiff's brief explains:

> The record shows that Plaintiff – again who is 63 years old – suffers from significant orthopedic pathologies especially in his low back, bilateral hips, and right shoulder. Tr. 361, 1093. The pain from these impairments impacts Plaintiff's ability to concentrate/remain on tasks, reach with his right arm, walk, and stand – showing at best he is limited to unskilled sedentary work. Tr. 1035 (standing longer than 10 minutes makes the pain worse), 1070 (obviously "emotionally overwhelmed" – struggling with chronic pain and physically uncomfortable), 1174 (movement right shoulder painful), 1197 (pain aggravated by prolonged walking and standing).

(Pl.'s Br. at 9.) The problem for the Court is that the section of the brief that follows contains inconsistent, shifting arguments. At several points, Plaintiff states that the ALJ's decision generally paid close attention to the evidence of pain. For example:

- "The ALJ unquestionably acknowledged that under SSR 03-2p she was REQUIRED to consider the nonexertional mental impact of Plaintiff's pain. Tr.

33." (Pl.'s Br. at 14.)

- "The ALJ undisputably acknowledged that Plaintiff's pain stifled his ability to perform tasks at times due to his pain. Tr. 30." (Pl.'s Br. at 14.)
- "Indeed, the ALJ acknowledged Plaintiff's unrelenting chronic pain throughout her decision." (Pl.'s Br. at 14.)

The last statement was followed by a catalog of the ALJ's references to evidence of pain in the record, which contains approximately 67 citations to pages in the evidence of record that document pain. The Court wonders, then, what is the evidence of pain that Plaintiff contends that the ALJ ignored? Plaintiff's brief does not point out any specific material pieces of evidence that were ignored.

Broadly, the ALJ's decision addresses the evidence of pain as follows: at step two, chronic pain syndrome is a severe impairment (Tr. 26); at step three, the ALJ considered the evidence of chronic pain and concluded that "the signs, symptoms and laboratory findings of chronic pain syndrome are not of such severity as found in any listing, singly or in combination with the claimant's other impairments" (Tr. 33), a determination that Plaintiff has not disputed; and, at step four, the ALJ presented a detailed discussion of the evidence pertaining to exertional and nonexertional limitations to residual functional capacity, with considerable attention to the impact of pain. The Court finds that Plaintiff has failed to point out any specific, material piece of evidence of record that was ignored, and that the ALJ's decision paid a great deal of attention to these issues. In general, the ALJ's discussion of the RFC determination at step four was highly detailed and supported with plentiful citations to the evidence of record.

Plaintiff argues that "the remedy is remand for the ALJ to fashion an RFC finding that considers the non-exertional impact of Plaintiff's pain." (Pl.'s Br. at 18.) As just discussed, the

problem for Plaintiff is that the ALJ already did exactly that: the ALJ considered the non-exertional impact of Plaintiff's pain, discussed the conflicting evidence from the state agency reviewing physicians and the consultative examiner, Dr. Williamson, and explained the reasons for the determination that the opinions from the state agency physicians were persuasive and the opinion of Dr. Williamson was not persuasive. Plaintiff disagrees with the outcome of the ALJ's analysis, but has not persuaded this Court that the ALJ erred as a matter of law. The ALJ explained that the determination is supported by the opinions of state agency physicians, and this Court finds that those opinions constitute substantial evidence which supports the ALJ's determination that Plaintiff's retained residual functional capacity is not constrained by other exertional or nonexertional limitations. In short, the ALJ already performed the analysis Plaintiff seeks, and this Court finds that it is supported by substantial evidence.

Plaintiff contends that "the ALJ needed to show that Plaintiff's chronic unrelenting pain coupled with his other mental health impairments had zero impact on Plaintiff's ability to perform his very skilled job as a casino dealer." (Pl.'s Br. at 12.) Plaintiff is wrong on the law: at steps one through four, it is Plaintiff that bears the burden of proof of disability; the Commissioner does not bear the burden of proof of no disability, as Plaintiff here contends. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) ("The claimant first must bear the burden at step one of showing that he is not working, at step two that he has a medically severe impairment or combination of impairments, and at step four that the impairment prevents him from performing his past work.")

The Court concludes that Plaintiff's challenge to the absence of any pain-based exertional or nonexertional limitation to the RFC overlooks the ALJ's detailed analysis and explanation on

this subject, and asks the Court to remand the case for a do-over. The ALJ already considered the question of whether Plaintiff's exertional or nonexertional limitations to his residual functional capacity rise to a disabling level. In short, the evidence of record contains many pieces of evidence related to pain and nonexertional difficulties, and much of the argument in Plaintiff's brief involves pointing out the evidence which could support a determination that Plaintiff cannot work. The reviewing court, however, does not re-weigh the evidence. The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision *de novo*.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") In the instant case, Plaintiff essentially asks this Court to review the step four determination *de novo* and to reweigh the evidence, which it may not do. This Court is authorized only to review the decision under the substantial evidence standard. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.") The Commissioner's determination at step four of no nonexertional limitations to Plaintiff's residual functional capacity is supported by substantial evidence.

Plaintiff next argues that the evidence supports finding pain-based exertional limitations at step four. Plaintiff contends, simply: "In the end, the ALJ's findings are simply not true." (Pl.'s Br. at 22.) As already explained, Plaintiff asks this Court to re-weigh the evidence, but the

Court may not do so. The Court has reviewed that ALJ's careful, detailed discussion of the evidence at step four and concludes that the determination that Plaintiff retains the residual functional capacity to perform light work with certain additional exertional limitations is supported by substantial evidence. Plaintiff argues as well that the ALJ erred with regard to the pain management expert, Mr. Silvestri, by failing to provide the explanation of the consistency and supportability factors required by 20 C.F.R. § 404.1520c(b)(2). The ALJ provided explanations for both factors on pages 42 and 43; the ALJ pointed out specifically and in detail the grounds for concluding that Mr. Silvestri's assessment of the degree of limitation was inconsistent with the evidence of record. Similarly, Plaintiff raises the same challenge to the ALJ's persuasiveness analysis of the opinion of Dr. Williamson, but the ALJ provided explanations for both factors on pages 43 and 44.

Last, Plaintiff challenges the ALJ's treatment of the claimant's testimony about his symptoms, but does so without any specifics. The ALJ explained in detail the basis for his determination that Plaintiff's self-reports were not fully credible on pages 37 through 39. Plaintiff's brief does not address the ALJ's detailed explanation for the credibility determination and the conclusion that Plaintiff's self-reports were not entirely consistent with the other evidence of record. Plaintiff's brief thus does not provide a basis to conclude that the ALJ erred in his determination that Plaintiff's statements about the limiting effects of his symptoms were not entirely consistent with the evidence of record.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that he was harmed by any errors. Plaintiff has not shown that the ALJ made any material and

prejudicial error and has made no demonstration of prejudice as required by Shinseki. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: August 5, 2026